ACH ET AL., BOARD OF COUNTY COMMISSIONERS OF
HAMILTON COUNTY, *v.* STRUBLE.

(Decided June 25, 1934.)

*Mr. Louis J. Schneider,* prosecuting attorney, *Mr. Walter M. Locke* and *Mr. Robert A. Ludeke,* for plaintiffs in error.

*Mr. Roy L. Struble,* for defendant in error.

HAMILTON, P. J. George Struble, defendant in error here, plaintiff below, filed an action in the Court of Common Pleas of Hamilton county against the defendants, members of the Board of County Commissioners of Hamilton county, Ohio. He alleges that he is the owner of approximately 600 feet of ground which abuts on the north side of Lower River Road in Hamilton county; that the defendants by resolution passed February 19, 1932, declared the necessity for the improvement of Lower River Road from the corporation line of the city of Cincinnati through the villages of Addyston and North Bend to the corporation line of

Cleves, and notified the plaintiff that his property rights and interests would be appropriated, as described in plats made therefor. Plaintiff filed his claim for compensation for property to be taken and damages to be sustained on account thereof, and states that a hearing on said claim was held on March 15, 1932. Plaintiff further alleges that on the second day of April, 1932, defendants rejected his claim, and that on April 8, 1932, he filed with said defendants his notice of intention to appeal from the finding of said Board of County Commissioners. Thereafter, said defendants certified to the Probate Court of Hamilton county a certified copy of the original survey, plans, plats, cross sections, profiles and specifications for said improvement, together with the transcript of the proceedings had before the said Board of County Commissioners, said cause being captioned in the Probate Court of Hamilton county: "George Struble, et al. v. Board of County Commissioners of Hamilton County, Ohio, miscellaneous No. 1898." The Probate Court under authority of Section 10501-54, General Code, transferred said cause to the Court of Common Pleas of Hamilton county, said cause being there captioned: "George Struble v. Board of County Commissioners, No. A-24869."

Upon trial of the case, the survey, plans, plats, cross sections, profiles and specifications were received in evidence and formed the basis for said proceedings. After a full presentation of the facts the jury returned a verdict in favor of the plaintiff for $3,500, awarding $735 for the land taken and $2,765 for damages to the residue. Motion for a new trial was filed and overruled, and judgment was entered for the plaintiff in the sum of $3,500. Defendants commenced no proceedings to reverse or modify the judgment. The transcript of the proceedings in the Court of Common pleas was, on July 7, 1933, duly certified to the Auditor of Hamilton County by the Clerk of Courts.

The petition further alleges that defendants have proceeded with the improvement of said Lower River Road, and have completed said work in accordance with the said survey, plans, plats, cross sections, profiles and specifications, and have appropriated and taken property rights and interests of the plaintiff in accordance therewith.

Plaintiff further alleges that the defendants have failed and refused to pay or satisfy the amount found due this plaintiff as compensation and damages in said appropriation proceedings, and prays judgment against the county commissioners in the sum of $3,500, with interest.

To this petition the Board of County Commissioners filed an answer, and later an amended answer. The amended answer admits plaintiff is the owner of the real estate described in the petition; admits that the defendants, members of the Board of County Commissioners, passed a resolution declaring the necessity for the improvement of Lower River Road and notified plaintiff in accordance with law that his property rights and interests would be appropriated. Defendants further admit that the plaintiff filed his claim for compensation for property to be taken, and damages to be sustained on account thereof, and that a hearing on said claim was held on March 15, 1932. Defendants further admit that on April 2, 1932, they rejected plaintiff's claim, and that on April 8, 1932, plaintiff filed his notice of intention to appeal from the finding of said Board of County Commissioners.

Defendants further admit that they certified to the Probate Court of Hamilton County a copy of the original survey, plans, plats, cross-sections, profiles and specifications for said improvement, together with a transcript of the proceedings had before the said Board of County Commissioners, and admit that the Probate Court transferred said cause to the Court of Common Pleas of Hamilton county, Ohio, and admit

that the trial of said cause resulted in a verdict in favor of the plaintiff in the sum of $3,500, of which $735 was awarded for land taken and $2,765 for damages to the residue.

Defendants further admit that they filed a motion for a new trial, which was overruled; that they have not commenced proceedings to reverse or modify said judgment; and that a transcript of the proceedings in the Court of Common Pleas was duly certified to the Auditor of Hamilton county by the clerk of courts.

For a first defense the county commissioners allege that after the overruling of the motion for a new trial and the entering of the judgment in favor of the plaintiff, said defendants, by virtue of the provisions of Section 6900, General Code, abandoned the appropriation proceedings for the improvement of Lower River Road in so far as the improvement related to the property of plaintiff George Struble; that they are ready and willing to pay into court whatever amount the court may fix and determine for plaintiff's costs and expenses and attorney's fees; that on the 27th day of May, 1933, George Struble filed a motion for an order in said cause A-24869 directing the commissioners to make payment of the judgment rendered in the within cause, and that on the 27th day of May, 1933, the court made the following order:

"This cause came on this day for hearing upon motion of the plaintiff, George Struble, to direct payment of deposit of judgment heretofore rendered in this cause, and the Court, after due consideration thereof, finds said motion is well taken.

"It is, therefore, ordered that the defendants, the Commissioners of Hamilton County, Ohio, pay or cause to be paid to the said plaintiff, George Struble, the sum of $3,500, being the amount of the judgment rendered, together with plaintiff's costs, or deposit the same with the Clerk of this Court on or before the

8th day of June, 1933. To all of which defendants except.''

By way of a second defense, the defendants deny each and every allegation in said petition contained not hereinbefore specifically admitted to be true.

No reply was filed to the amended answer.

The cause came on for hearing on the motion of the defendant commissioners for judgment on the pleadings, which motion the trial court overruled. The case was thereupon submitted to a jury, the trial court refusing to hear any evidence as to the land taken or the damages to the plaintiff's property, on the theory that the action was based upon a judgment, and that that judgment was not subject to dispute or modification, and that the only question for consideration was as to whether or not the commissioners of Hamilton county did take possession of the property which they appropriated by virtue of the proceedings set out in the petition. At the conclusion of the evidence both plaintiff and defendants moved for an instructed verdict, and the court granted the motion of the plaintiff and instructed a verdict for $3,500, and entered judgment for $3,500, the amount of the judgment in the prior condemnation proceeding. From that judgment the county commissioners prosecute error to this court.

If there was an existing valid judgment at the time of the filing of the petition in this action, then the action of the court was correct in granting judgment on the motion of the plaintiff therefor.

The claim of the plaintiffs in error is that the alleged judgment had for its existence certain appropriation proceedings, and that it was therefore subject to the law which appertains to the appropriation and acquisition of property for public purposes; that the county commissioners possess the right under Section 6900, General Code, to abandon these appropriation proceedings. The county commissioners contend that from the proceedings appearing on the face of

the pleadings it was error for the court to overrule their motion for judgment on the pleadings and sustain the plaintiff's motion for the amount of the appropriation proceedings judgment.

A consideration of the case requires a careful analysis of Section 6900, General Code. This section provides, among other things:

"The county commissioners may abandon the proceeding for the appropriation of lands for any such improvements as aforesaid, upon paying into the probate court the amount of the appellant's costs and expenses, and attorney fees as fixed and determined by the court, and the court is hereby empowered to fix and determine the same."

The pleadings show that the commissioners have not paid into court the costs and expenses and attorney's fees for the reason that they have not been fixed by the court; that they are ready and willing to pay the same when the amount is so determined.

The section further provides: "In case the county commissioners fail to pay the compensation and damages awarded to appellants within thirty days after confirmation of the verdict, on motion of any party entitled to such payment, the judge shall enter an order directing the county commissioners to make such payment, or deposit the same with the court within ten days, and unless the county commissioners within the time fixed make such payment or deposit, they shall be held thereby to have abandoned the property, rights or interests sought to be appropriated, and all claims under said proceedings, and the judge shall so order. He shall also enter a judgment against such commissioners and in favor of the parties entitled thereto for the amount of costs, expenses, and attorney fees, as the court may deem just, for which execution may be issued as in other cases."

It is admitted in the pleadings that the county commissioners did fail to pay the compensation and dam-

ages within thirty days; that the plaintiff Struble filed his motion and the court on the motion entered an order directing the county commissioners to make the payment or deposit the same in court within ten days. The pleadings show that the county commissioners within the time fixed did not make the payment or deposit. They must, therefore, be held thereby to have abandoned the property rights and interests sought to be appropriated, and all claims under such proceedings. In fact the county commissioners at the time passed a resolution of abandonment of the improvement in so far as it affected the George Struble property. However, this abandonment resolution is not important, since under the statute and the express language used therein they have abandoned the proceeding for the appropriation of the Struble land. The court at the time of entering the order directing the county commissioners to make payment within ten days, and the commissioners within the time fixed not having made the payment or deposit, should have entered judgment against the commissioners in favor of the plaintiff for the amount of his costs, expenses and attorney fees. This the court has not done, and this is shown in the pleadings; but undoubtedly it would have done so upon proper application made therefor.

In the case of *State, ex rel. Bradley, v. Board of County Commissioners of Cuyahoga County,* 128 Ohio St., 181, 190 N. E., 571, are found some observations which are suggestive of our construction of the statute. In the *Bradley case* there was a question of an agreed amount to be paid by the commissioners for property sought to be appropriated. The commissioners did not pay, and did not take the property, and the relator Bradley brought an action in mandamus to compel the payment of the money, the agreed price. The court held the amount agreed to be paid constituted a contract between the relator Bradley and the county commissioners. The Supreme Court observed in the

opinion that the writ of mandamus in this case would amount to an award of specific performance, which the facts in the case did not warrant.

"The major portion of the amount to be paid the relator was not for the land, but for damages, which were chiefly referable to the removal of the buildings. He still has the land and the buildings are still intact. They may never be taken.

"It is entirely possible that the relator has sustained substantial injury by reason of the refusal of the county to proceed."

In the instant case, the defendants in the amended answer deny that they proceeded with the improvement of Lower River Road in accordance with the survey, plans, plats, cross-sections and specifications, and deny that they have taken the property rights or interests of plaintiff.

The Supreme Court in the opinion in the *Bradley case,* after citing the several sections concerning appropriation proceedings, states:

"Then, in the same section, follows immediately the foregoing language authorizing the abandonment of the 'appropriation proceedings.' It would be doing violence to syntax to hold that this authority to abandon extends to proceedings other than appropriation proceedings."

This observation brings us in direct line with Section 6900, General Code, which provides for the abandonment of appropriation proceedings, which under the terms of the statute, was done.

If the pleadings in this case were restricted to the sole question of a suit upon the prior judgment in the condemnation proceedings, Section 6900, General Code, would require a reversal of the judgment in this case for error in overruling the motion of the defendants for an instructed verdict, since there was no valid judgment in force against the commissioners by reason of the statute referred to.

If the defense was based on the resolution of the commissioners, abandoning the improvement, there might be the question of good faith raised in the abandonment, since it is shown they did proceed with the improvement. The statute, however, makes no such distinctions, and there are no qualifications to the language of the statute that upon failure of the county commissioners within the time fixed to make the payment or deposit "they shall be held thereby to have abandoned the property, rights, or interests sought to be appropriated, and all claims under said proceedings."

There are, however, certain allegations in the petition which might be construed to present a claim for the taking of property without just compensation therefor, and for damages by reason of the improvement, and the general denial in the amended answer would make up such an issue.

Our conclusion is that the judgment should be reversed for error in the trial court in instructing a verdict for the plaintiff below on his motion therefor, in view of his ruling against the commissioners refusing a tender of evidence to show the value of the property taken, if any, and the damage by reason of any taking, and the damage to the property by reason of the improvement. We will, therefore, remand the case to the Court of Common Pleas for a new trial, with leave to reform the pleadings to make the direct issue of the taking of property without compensation, and damages by reason of the improvement.

*Judgment reversed and cause remanded.*

Ross and RICHARDS, JJ., the latter of the Sixth Appellate District, concur.